**Isaac JONES, Petitioner–Appellant,**

v.

**Dale ARTUS, Superintendent, Clinton Correctional Facility and Eliot Spitzer, Attorney General of the State of New York, Respondents–Appellees.**

**Nos. 04–6332–PR, 04–6341–PR.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

John F. Ryan, White Plains, N.Y. Stephen J. Pittari, Legal Aid Society of Westchester County, on the brief, for Petitioner–Appellant.

Peter D. Coddington, Chief Appellate, Attorney, for Robert T. Johnson, District Attorney, Bronx County, Bronx, N.Y., for Respondents–Appellees in 04–6332–pr, of counsel.

Alexander Levine, Assistant District, Attorney, Joseph M. Latino, Assistant District, Attorney, for Jeanine Pirro, District, Attorney, Westchester County, White Plains, N.Y., for Respondents–Appellees in 04–6341–pr, of counsel.

Present: Hon. RALPH J. MINER, Hon. ROBERT A. KATZMANN, Circuit

58

Judges.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that these cases are **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural posture of these habeas petitions, which we heard in tandem because they raise precisely the same legal claim, namely, whether the police obtained, in violation of *Miranda v. Arizona,* 384 U.S. 436, 444, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and the Self Incrimination Clause of the Fifth Amendment, the petitioner's oral and written consents to giving a blood sample, as well as the petitioner's confessions. Having reviewed the district court's denial of habeas relief *de novo, Tueros v. Greiner,* 343 F.3d 587, 590 (2d Cir.2003), we conclude that petitioner's claim is without merit. We find that the state courts reasonably held that a "totality of the circumstances" demonstrates that: (a) the petitioner knowingly and voluntarily gave his oral consent to blood sampling prior to being informed of his *Miranda* rights, *see United States v. Moreno,* 897 F.2d 26, 33 (2d Cir.1990) (analyzing the constitutionality of a suspect's unwarned consent to a search by looking at the "totality of the circumstances"); and (b) after being informed of his *Miranda* rights, the petitioner knowingly and voluntarily waived those rights in confessing his crimes and in providing his written consent to blood sampling.

We have reviewed all of the petitioner's arguments and have concluded that they are lacking in merit. Accordingly, the judgments of the district court are hereby **AFFIRMED.**